IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDDIE RODRIGUEZ | : | CIVIL ACTION |
| | : | NO. 14-7362 |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | |

O'NEILL, J.                                                                July 21, 2015

## MEMORANDUM

On February 20, 2015, plaintiff Freddie Rodriguez filed an amended complaint against

defendants Aria Health, the City of Philadelphia and Corizon Correctional Healthcare. See Dkt.

No. 7. Plaintiff claims that: (1) the City and Corizon violated his rights under Article 1, Section

13 of the Pennsylvania Constitution, Dkt No. 7 ECF p. 5; (2) the City and Corizon are liable

under 42 U.S.C. § 1983 for violating his Eighth and Fourteenth Amendment rights, Dkt No. 7

ECF p. 6; and (3) Aria was negligent. Dkt. No. 7 ECF p. 7. Now before me is the City's motion

to dismiss plaintiff's claims against it for failure to state a claim, Dkt. No. 10, which I will grant

in part and deny in part for the reasons set forth below. Also before me is Aria's motion to

dismiss plaintiff's claims and Corizon's cross-claims. [1] Dkt. No. 14. Aria contends that the

Court lacks personal jurisdiction over it because it has not been properly served and that

plaintiff's claims should be dismissed for failure to properly file required certificates of merit.

Aria also contends that plaintiff's amended complaint fails to state a claim for punitive damages

or for attorney's fees and fails to state a claim under the Pennsylvania Constitution. Id. As is

further set forth below, I will grant Aria's motion in part and will deny it in part.

---

[1] Corizon filed an answer to plaintiff's amended complaint and cross-claims against
Aria. Dkt. No. 8. Corizon did not file a response to Aria's motion to dismiss Corizon's cross-
claims.

# BACKGROUND

## I.      Underlying Incident

At all times relevant to this case, plaintiff was a detainee at "the House of Correction, a facility owned and operated by the Philadelphia Prison System" (PPS).  See Dkt. No. 7 at ¶ 4. On February 15, 2013, plaintiff allegedly slipped on water leaking from a damaged pipe and broke his right arm.  Id. at ¶ 10.  The next day plaintiff claims he was taken to Aria for testing and x-rays which revealed that plaintiff sustained an ulnar fracture to his right arm.  Id. at ¶¶ 9, 13, 15.  Plaintiff claims that "[a]fter consulting with the correctional officers of the Philadelphia Prison System, Aria was told Plaintiff could not have a cast placed on his arm as it was prohibited within the prison."  Id. at ¶ 16.  Plaintiff alleges that he "was then informed by Aria the correctional officers would not allow for him to have a cast placed on his wrist because it was against the prison's policy."  Id. at ¶ 17.  He was discharged "with only a sling and half splint for his broken arm, a treatment plan entitled R.I.C.E., prescription for Tylenol, and [a] medical directive to have a full cast placed on his arm to ensure his arm would heal correctly."  Id. at ¶ 18.  Plaintiff claims that he submitted multiple requests for a full cast to PPS and to Corizon, a healthcare insurer for PPS inmates.  See id. at ¶¶ 7, 8, 19.  Plaintiff contends that "[a]t all times, Defendants, PPS and Corizon, medical personnel knew Plaintiff required a full cast be placed on his broken arm," however plaintiff never received further medical treatment or a full cast.  Id. at ¶¶ 20-23.  Instead, he alleges PPS and Corizon prescribed pain medication, which plaintiff claims "did nothing to aid in the healing of [his] arm" and resulted in the deterioration of his stomach lining, causing him to cough up blood.  Id. at ¶¶ 23, 24.  Plaintiff alleges that denial of adequate medical treatment and failure to provide a cast caused him to suffer pain and deformity of his arm.  Dkt. No. 7 at ¶ 37 (c-d).

## II.     Service

On December 31, 2014, plaintiff filed a complaint against Aria, the City, and Corizon. Dkt. No. 1.  However, the certificate of service indicates that the complaint was served on Aria Health at 5800 Ridge Ave., Philadelphia PA 19128, an address where Aria claims it has no facility.  See Dkt. No. 14, Exhibit A at ¶ 3.  On January 29, 2015, Corizon filed an answer to the original complaint with a cross-claim against Aria.  Dkt. No. 3 at ECF p. 8-10.  The City filed a motion to dismiss, which was followed by plaintiff's amended complaint, filed on February 19, 2015 and then re-filed on February 20, 2015.  Dkt. Nos. 5, 6, 7.  The amended complaint was also served at the same address where Aria claims it has no facility.  See Dkt. No. 14, Exhibit A at ¶ 3.  On February 20, 2015, Corizon filed an answer and cross-claim again against Aria.  Dkt. No. 8, at 9-10.  On March 26, 2015, plaintiff filed a "Proof of Service" for service on "Ronald Felder," relating to a purported service of summons on Aria on March 15, 2015.  Dkt. No. 14 at ECF p. 6.  Felder checked the first box on the "Proof of Service" stating, "I personally served the summons on the individual at 10800 Knights Road on 3-15-15."  Id. at ECF p. 6.  Plaintiff provides no further details regarding the purported March 15, 2015 service of the summons.  See id. at ECF p. 7.  Aria allegedly remained unaware of the summons until its counsel checked the docket for this case while conducting a periodic monitoring on April 1, 2015.  See id.  Aria claims its counsel investigated the alleged service on Aria but found no information or documentation indicating that Aria was served with the summons or complaint on March 15, 2015.  See id.  Finally, on April 15, 2015, nine days after Aria filed its motion to dismiss, plaintiff delivered a copy of the first amended complaint by process server to Santo R. Caruso, Aria's Deputy Counsel.  Dkt. No. 18, Exhibit A at ¶¶ 2-3.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss all or part of an action for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6). Typically, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," though plaintiff's obligation to state the grounds of entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." Id. (citations omitted).  This "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element. Id. at 556.  The Court of Appeals has made clear that after Ashcroft v. Iqbal, 556 U.S. 662 (2009), "conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss: 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'  To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), quoting Iqbal, 556 U.S. at 678.  The Court also set forth a two part-analysis for reviewing motions to dismiss in light of Twombly and Iqbal:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."

Id. at 210-11, quoting Iqbal, 556 U.S. at 679.  The Court explained, "a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts."  Id., citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'"  Iqbal, 556 U.S. at 679, quoting Fed. R. Civ. P. 8(a)(2).

## DISCUSSION

I.      **The City of Philadelphia's Motion to Dismiss**[2]

The City seeks to dismiss plaintiff's claim that he "suffered . . . harms and damages as a result of the policies, practices, acts, and omissions of . . . PPS . . . described in the Complaint," in violation of 42 U.S.C. § 1983.  Dkt. No. 7 at ECF p. 7, ¶ 38.  The City contends that plaintiff has not sufficiently pled a municipal policy or custom, which was the moving force behind the claimed violation of plaintiff's rights.  I disagree.

Pursuant to Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), in order to assert a claim against a municipality, a plaintiff must allege a municipal "policy or custom, and that the policy caused the constitutional violation [he] allege[s]."  Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, at 583 (3d Cir. 2003).  A plaintiff's Monell claims will be dismissed where the complaint rests merely on conclusory allegations – "blanket assertions of the 'unadorned, the-defendant-wrongfully-harmed-me accusation' type specifically disallowed in a Rule 8(a)(2) pleading under Twombly and Iqbal, and of the type the Court is

---

[2]      Plaintiff concedes that his first amended complaint fails to state a claim under Article I § 13 of the Pennsylvania Constitution because Article I § 13 neither (1) affords broader protection than the Eighth and Fourteenth Amendments of the U.S. Constitution nor (2) provides grounds for a cause of action for monetary damages.  Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Cmmw. Ct. 2006).  Thus I will dismiss plaintiff's claim against the City and Corizon under Article I § 13 of the Pennsylvania Constitution.  Dkt. No. 11 at ECF p. 8.

required to 'peel away' under Third Circuit law." Elias v. Twp. of Cheltenham, 14-6117, 2015 WL 356966, at *3 (E.D. Pa. Jan. 28, 2015), citing Iqbal, 556 U.S. at 678 (further citation omitted). "To satisfy the pleading standard, [a plaintiff] must . . . specify what exactly that custom or policy was." McTernan v. City of York, 564 F.3d 636, 658 (3d Cir. 2009). Complaints that are "utterly devoid of any allegations pointing to a specific policy or custom that allowed the claimed constitutional violation to occur" or are simply "[f]ormulaic recitations of the elements of a cause of action" must be dismissed. Levine v. Rodden, 15-574, 2015 WL 2151781, at *3 (E.D. Pa. May 7, 2015) (further citations omitted).

For example, in Simonds v. Delaware County, 13-7565, 2015 WL 1954364 (E.D. Pa. Apr. 30, 2015), the plaintiff's complaint alleging that a prison had a policy to save costs by denying medical treatment to prisoners near their release date was dismissed because it did not establish causation by properly pleading a municipal policy as the source of the injury and because the claims were too conclusory, merely coupling an allegation of a policy with the fact that medical care was denied to a single inmate with a release date two months away from the alleged injury. Simonds, 2015 WL 1954364, at *8.

In contrast, in Ramos-Vazquez v. PrimeCare Medical, Incorporated, 09-364, 2010 WL 3855546 (E.D. Pa. Sept. 30, 2010), the plaintiff's allegation that the defendant acted pursuant to a policy by confiscating his effective antipsychotic and preventing him from seeing a psychiatrist until the eighteenth day of his incarceration, in conjunction with the claim that the defendant was "aware or should have been aware that failure to treat Plaintiff's schizoaffective disorder could have serious negative consequences," was found sufficient to state a claim for a policy or custom and survived the defendant's motion to dismiss. Ramos-Vazquez, 2010 WL 3855546, at *9. Even though the plaintiff's allegations were "'conclusory' in the sense that it is reasonable for

Plaintiff to conclude that the actions he complains of were undertaken pursuant to some policy," the Court held, "[a]t [the motion to dismiss] stage, Plaintiff cannot be expected to specify and articulate which policy, procedure or custom resulted in these actions; nor should he be expected to know which entity formulated each policy." Id. A plaintiff "'is [not] obligated to plead with special particularity the exact policies and practices that were in place, prior to taking any discovery into [the alleged] policies, and explain exactly how these precisely alleged policies caused or contributed to [plaintiff's] injuries.'" Kenney v. Montgomery Cnty., 13-2590, 2013 WL 5356862, at *7 (E.D. Pa. Sept. 25, 2013) (alterations in original), quoting Peet v. Beard, 10-482, 2011 WL 718723 (M.D. Pa. Jan 25, 2011).

Here, plaintiff's amended complaint alleges that "[a]fter consulting with the correctional officers of the Philadelphia Prison System, Aria was told Plaintiff could not have a cast placed on his arm as it was prohibited within the prison." Dkt. No. 7 at ¶ 16. "Plaintiff was then informed by Aria the correctional officers would not allow for him to have a cast placed on his wrist because it was against the prison's policy." Id. at ¶ 17. Plaintiff asserts that he "suffered the harms and damages alleged . . . as a result of the policies, practices, acts, and omissions of Defendants PPS and Corizon described in the Complaint." Id. at ¶ 38. Plaintiff does not merely suppose that there must be policy because of the defendants' alleged actions, as did the plaintiff in Simonds. Rather, plaintiff alleges a series of events wherein PPS officers informed Aria that a prison policy prevented plaintiff from receiving a cast for his injury and Aria in turn informed plaintiff of PPS's claimed policy. Viewing the facts alleged in the light most favorable to plaintiff, this, like the policy alleged in Ramos-Vazquez, is sufficient to permit plaintiff's section 1983 claim to withstand the City's motion to dismiss.

II.    **Aria Health's Motion to Dismiss Plaintiff's Amended Complaint**[3]

   A.    **Service and Summons**

Aria contends that plaintiff's claims against it should be dismissed for lack of personal jurisdiction due to insufficient service.  Dkt. No. 18 at ECF p. 4.  A complaint may be dismissed under Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process.  Fed. R. Civ. P. 12(b)(5).  "Service of process is a requisite to the court's personal jurisdiction over a defendant and to any valid judgment entered against that party."  Ghost v. Victory Recovery Serv., Inc., 14-215, 2014 WL 1515700, at *1 (E.D. Pa. Apr. 17, 2014), citing Lampe v. Xouth, Inc., 952 F.2d 697, 700-01 (3d Cir. 1991).  A party challenging the sufficiency of service under Rule 12(b)(5) must prove by a preponderance of the evidence that service was not sufficient under the requirements set forth in Rule 4.  Ghost, 2014 WL 1515700, at *1; Grand Entm't Grp., Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993); Fed. R. Civ. P. 4.  "Dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained."  Umbenhauer v. Woog, 969 F.2d 25, 30 (3d Cir. 1992).

Federal Rule of Civil Procedure 4(m) requires a plaintiff to effectuate service "within 120 days after the complaint is filed," thereafter, "the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  Plaintiff argues that he had 120 days from February 20, 2015, the date he filed the first amended complaint, to serve Aria with a summons and complaint.  Dkt. No. 17 at ECF p. 5.  Plaintiff is incorrect.  "The filing of an

---

[3]    Aria moves to dismiss plaintiff's claim under the Pennsylvania Constitution.  Dkt. No. 14 at ECF p. 15.  Plaintiff subsequently concedes that his first amended complaint fails to state a claim under the Pennsylvania Constitution.  Dkt. No. 17 at ECF p. 8.  However, plaintiff's amended complaint clearly only asserts claims under the Pennsylvania Constitution against the City and Corizon.  Dkt. No. 7 at ECF p. 5.  Therefore there is nothing to dismiss.

amended complaint does not restart the 120-day period provided by Rule 4(m)."  Nyak v. CGA Law Firm, 13-2533, 2014 WL 772604, at *2 n.4 (M.D. Pa. Feb. 25, 2014), citing Bolden v. City of Topeka, 441 F.3d 1129, 1148 (10th Cir. 2006).  This is true here "because the plaintiff is asserting claims in the amended complaint against the same defendant named in the original complaint."  Melnick v. Knopf Auto., No. 14-3058, 2014 U.S. Dist. LEXIS 152018, at *9 (E.D. Pa. Oct. 24, 2014).  Therefore, the 120-day period ran from December 31, 2014, the date plaintiff filed the original complaint against Aria, until April 30, 2015.

Rule 4(h) governs service of process on corporations, such as Aria, and requires service either "in the manner prescribed by Rule 4(e)(1)," or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(h)(1).  Rule 4(e)(1), which provides for service "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), directs the Court's analysis to Pennsylvania Rule of Civil Procedure 424 which governs service of original process on corporations and similar entities. Rule 424 provides:

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
> (1) an executive officer, partner or trustee of the corporation or similar entity, or
> (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
> (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R. Civ. P. 424.

Aria argues that plaintiff did not properly serve it with either the complaint or amended complaint by April 30, 2015.  Dkt. No. 18 at ECF p. 5.  Service was indeed insufficient on four separate occasions.  The first two attempts were ineffective because neither the complaint nor the amended complaint was delivered to the correct address.  The third attempt was legally insufficient because "Ronald Felder" is not an officer, a managing or general agent, or an authorized agent, as required for service on a corporation pursuant to Rule 4(h) and Pennsylvania Rule 424.  Dkt. No. 18 at ECF p. 5; see Ayers v. Jacobs & Crumplar P.A., 99 F.3d 565, 567 (3d Cir. 1996) (holding service was defective where an office manager had no authority to accept service on behalf of a professional association).  Finally, plaintiff's April 15, 2015 service of the amended complaint on Aria, which was hand delivered by process server directly to Aria's Deputy Counsel, fails to constitute effective service under Rule 4.  Dkt. No. 18, Exhibit A at ¶¶ 2-3.  Even though Caruso possesses the required status under Rules 4(h) and 424, the amended complaint served on him was not accompanied by a summons, therefore violating Rule 4(c)(1) – "[a] summons must be served with a copy of the complaint."  Fed. R. Civ. P. 4(c)(1); Walker v. Bartholon-Rowland, 89-6866, 1990 WL 121356, at *1 (E.D. Pa. Aug. 17, 1990); Marshall v. Park Plaza Condo. Ass'n, 98-2912, 1999 WL 58656, at *2 (E.D. Pa. Jan. 13, 1999).  Consequently, plaintiff has not perfected service on Aria.

However, this is not the end of the Rule 4 analysis.  In Petrucelli v. Bohringer and Ratzinger, 46 F.3d 1298, 1305 (3d Cir. 1995), the Court of Appeals established a two-part analysis for evaluating whether a plaintiff should be granted an extension of time for service under Rule 4(m).

> First, the district court should determine whether good cause exists
> for an extension of time.  If good cause is present, the district court
> must extend time for service and the inquiry is ended.  If, however,
> good cause does not exist, the court may in its discretion decide

> whether to dismiss the case without prejudice or extend time for
> service.

Id.

"A showing of good cause 'requires a demonstration of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified in the rules.'" Rice v. Sniezek, 10-2636, 2012 WL 3643191, at *4 (M.D. Pa. 2012), quoting MCI Telecomms. Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995).  Factors to consider in analyzing "good cause" include: "'(1) reasonableness of plaintiff's efforts to serve (2) prejudice to the defendant by lack of timely service and (3) whether plaintiff moved for an enlargement of time to serve.'" Rice, 2012 WL 3643191, at *4., quoting MCI Telecomms. Corp., 71 F.3d at 1097.  The "good cause" inquiry should focus on "'the plaintiff's reason for not complying with the time limit in the first place.'" Rice, 2012 WL 3643191, at *4, quoting Boley v. Kaymark, 123 F.3d 756, 758 (3d Cir. 1997) (further citations omitted).  However, "[i]nadvertence and lack of diligent counsel are insufficient to establish good cause for an extension of time to serve process." Rice, 2012 WL 3643191, at *4.  Although plaintiff made efforts to serve the summons on four different occasions throughout the 120-day period, he has not shown how his failure to effectuate service was due to anything other than inadvertence or lack of diligent counsel.  Therefore, plaintiff does not possess "good cause" for an extension.

However, I may still consider whether an extension is warranted in the exercise of my judicial discretion.  "Even if good cause is not shown, other factors may warrant an extension of time for service." Chiang v. U.S. Small Bus. Admin., 331 F. App'x. 113, 116 (3d Cir. 2009), citing Petrucelli, 46 F.3d at 1307.  Relevant factors to consider in determining whether to exercise my discretion include:

> (1) whether the defendant had actual notice of the legal action; (2)

> whether an extension of the time for service would prejudice the
> defendant; (3) whether the statute of limitations on the underlying
> cause of action would expire without an extension; (4) whether the
> defendant's conduct impeded service; and (5) whether the plaintiff
> is represented by counsel.

Spence v. LaHood, 11-3972, 2012 WL 2076838, at *5 (2012), citing Chiang, 331 F. App'x. at

116.  I should also consider: "(i) frivolousness; (ii) motivation; (iii) objective unreasonableness

(both in the factual and the legal components of the case); and (iv) the need in particular

circumstances to advance consideration of compensation and deterrence."  Pickens v.

Intercommunity Agency, Inc., 96-8415, 1997 WL 727604, at *7 (E.D. Pa. Nov. 21, 1997), citing

Lieb v. Topstone Indust., Inc., 788 F.2d 151, 156 (3d Cir. 1986); see also Boley, 123 F.3d at 759-

60 (highlighting factors that district courts should consider in exercising discretion).  The

circumstances in the present case persuade me to exercise my discretion to allow plaintiff to

serve his complaint outside of the 120 day time limit.  Plaintiff, through his counsel, attempted to

serve Aria, albeit ineffectually, on four different occasions during the 120-day period.  Nothing

suggests that plaintiff's failure to serve was intentional.  Indeed, due to the diligence of Aria's

docket-checking counsel, Aria discovered actual notice of plaintiff's legal action and has been

able to defend itself against plaintiff's claim.  Aria has not argued that it has suffered any

particular prejudice arising from late or lack of service in this matter.

　　　Further, plaintiff claims that, because he was denied a full cast for his broken arm, his

arm is deformed and he suffers "continuous severe pain."  Dkt. No. 7 at ¶ 27.  Plaintiff arguably

presents a reasonable and non-frivolous claim, as he is incarcerated and thus was unable to seek

appropriate medical care on his own.  Cf. King v. Timmoney, 02-6669, 2003 WL 22436228, at

*7 (E.D. Pa. Oct. 24, 2003) (exercising the Court's discretion to extend time for a plaintiff to

proffer service based on the gravity of the plaintiff's allegations).  Additionally, although Aria

seeks dismissal of plaintiff's claim for a number of reasons, nowhere in its motion to dismiss does Aria challenge the merits of plaintiff's negligence claim.  See Dkt. No. 14.  Even though the Federal Rules of Civil Procedure must be enforced to ensure compliance and promote efficient determinations, they must also be applied to promote justice.  Spence, 2012 WL 2076838, at *7, citing Fed. R. Civ. P. 1.  Rule 4(m) specifically permits the extension of the time for service at the Court's discretion even when good cause does not exist.  Id.  "Justice requires cases reach the Courts in a timely manner so that the defendant is not forced to defend against stale claims, yet justice also requires that Courts strive to resolve cases on their merits whenever possible."  Id. The Court of Appeals has clearly expressed its preference that cases be decided on the merits rather than by procedural technicalities.  See Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984) ("we have repeatedly stated our preference that cases be disposed of on the merits whenever practicable").  Thus I will deny Aria's motion to dismiss for lack of jurisdiction and will grant an extension to plaintiff for an appropriate period of time to properly effectuate service on Aria pursuant to Fed. R. Civ. P. 4(m).

**B.     Certificate of Merit**

Pennsylvania law requires plaintiffs alleging medical malpractice to file a certificate of merit (COM) – a written statement by an appropriate licensed professional, an expert with sufficient education, demonstrating a reasonable probability of the defendant's deviation from acceptable professional standard.  Pa. R. Civ. P. 1042.3; see Baumgardner v. Ebbert, 535 F. App'x 72, 77 (3d Cir. 2013); Stroud v. Abington Mem'l Hosp., 546 F. Supp. 2d 238, 249 (E.D. Pa. 2008).  Aria seeks to dismiss plaintiff's negligence claims for his failure to timely file a sufficient COM.  See Pa. R. Civ. P. 1042.6 (providing that when a plaintiff fails to timely file an

appropriate COM, a defendant may seek to have a judgment of non pros entered).[4]

### 1.    Late Filing of the Certificate of Merit

Aria contends dismissal of plaintiff's negligence claim is warranted because plaintiff

failed to file a COM within the required 60 day period after he filed his complaint.  Pa. R. Civ. P.

1042.3 ("In any action based upon an allegation that a licensed professional deviated from an

acceptable professional standard, the attorney for the plaintiff . . . shall file with the complaint or

within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or

party . . . .").  Plaintiff filed a COM on April 8, 2015, Dkt. No. 16, two days after Aria's motion

to dismiss was filed, Dkt. No. 14, and 38 days after the expiration of the 60-day statutory

period.[5]  Dkt. No. 18 at ECF p. 7.  Plaintiff claims that his non-compliance with Rule 1042.3 was

due to a "clerical error" and that he made substantial efforts to comply with the Rule by taking

timely steps to obtain a COM within the 60-day statutory period.  Dkt. No. 17 at ECF p. 7.  He

did not, however, submit any motion seeking to extend the time for filing his COM, as is allowed

under Pa. R. Civ. P. 1042.3(d).

"Federal courts in Pennsylvania have uniformly held that the COM requirement is a

substantive rule of law that applies in professional liability actions proceeding in federal court."

---

[4]    Rule 1042.6 of the Pennsylvania Rules of Civil Procedure requires a defendant seeking to enter a judgment of non pros for failure to file a COM to give a plaintiff thirty days' notice of his intent to file a praecipe for such a judgment.  Pa. R. Civ. P. 1042.6.  Aria did not do so here.  However, Rule 1042.6's "notice provisions have been construed by a number of other federal courts to be state procedural rules which are not binding upon the federal courts." TranSys. Corp. v. Hughes Assocs. Inc., 14-1541, 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24, 2014).  Consequently, federal courts do not follow the Pennsylvania state court procedure for dismissal under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure and do not require that a defendant provide the notice required by Rule 1042.6, but rather require a defendant to file a Motion to Dismiss without prejudice pursuant to Fed. R. Civ. P. 12(b).  Stroud, 546 F. Supp. 2d at 248.

[5]    The sixty-day period for filing COMs "runs from the time of filing the original Complaint and is not restarted or otherwise tolled by the filing of any subsequent amended complaints."  Stroud, 546 F. Supp. 2d at 249.

Stroud, 546 F. Supp. 2d at 248, citing Iwanejko v. Cohen & Grigsby, P.C., 06-4471, 249 F.

App'x 938, 943-44 (3d Cir. 2007); see also Booker v. U.S., 366 F. App'x 425, 426 (3d Cir.

2010) (explaining that the COM rule "is [a] substantive state law that must be applied" in federal

district court).  Noncompliance occurs when a plaintiff takes no steps to observe the COM

requirements and results in "a wholesale failure to take any of the actions that" the statute

mandates.  Stroud, 546 F. Supp. 2d at 251.  The Pennsylvania Superior Court has held that the

60-day deadline should be strictly construed, only allowing a plaintiff to file a late COM when

presenting equitable considerations that constitute a "reasonable explanation or legitimate

excuse" for noncompliance under Rule 3051 of the Pennsylvania Rules of Civil Procedure,

which grants relief from judgment non pros.  Id. at 250, citing Womer v. Hilliker, 908 A.2d 269,

279 (Pa. 2006).  Furthermore, "errors of counsel which indicate an oversight rather than a

deliberate decision not to defend, have been held to constitute sufficient legal justification to

open a default judgment."  Stroud, 546 F. Supp. 2d at 252, citing Almes v. Burket, 881 A.2d 861,

865 (Pa. Super. Ct. 2006) (further citations omitted).

  But in order to embrace the purpose of the COM rule's requirements, such as concepts of

notice, fairness and prejudice, "federal courts have frequently declined to dismiss cases pursuant

to Rule 1042.3 where the plaintiff has timely cured the failure to file a certificate of merit by

filing a certificate of merit after receiving notice of this deficiency from the defendant."

TranSys. Corp. v. Hughes Assocs. Inc., 14-1541, 2014 WL 6674421, at *5 (M.D. Pa. Nov. 24,

2014).  "In federal courts, a judgment of non pros is 'the equivalent of a dismissal without

prejudice;' as such, claims that are not time barred may be refiled."  Robles v. Casey, 10-2663,

2012 WL 382986, at *3 (M.D. Pa. Feb. 6, 2012); see also Booker, 366 F. App'x at 427 ("Courts

have held that the entry of judgment *non pros* is therefore the equivalent of a dismissal without

prejudice, and is not fatal to the plaintiff's suit so long as his claims are not time-barred.").

I find that dismissing plaintiff's claim with leave to amend based on his 38 day late filing of the COM would only lead to undue delay and "needless paper shuffling." Robles, 2012 WL 382986, at *3; see also Scaramuzza v. Sciolla, 345 F. Supp. 2d 508, 511-12 (E.D. Pa. 2004) (dismissing the plaintiff's claim despite the plaintiff's failure to file a COM with the original complaint because the COM was eventually filed); Thompson v. U.S., 04-2006, 2006 WL 1725546 (M.D. Pa. June 20, 2006) (denying a motion to dismiss for failure to file a timely COM, finding that a judgment of non pros would only cause undue delay and would not prohibit the plaintiff from refiling a new lawsuit based on the same claims); see Dkt. No. 18 at ECF p.7. Therefore, I will not dismiss plaintiff's claim against Aria based on his untimely filing of the COM.

### 2.     Legal Sufficiency of the Certificate of Merit

In Aria's reply to plaintiff's response to its motion to dismiss, Aria argues that plaintiff's COM is legally insufficient because plaintiff's claim is based on vicarious liability, yet his COM does not comply with Pa. R. Civ. P. 1042.3(a)(2).  Dkt. No. 18 at ECF p. 12-14.  Plaintiff's COM states:

> I, Mu'min F. Islam on behalf of my client Freddie Rodriguez, do certify that in this claim the defendants deviated from an acceptable professional standard.  An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care exercised and exhibited by the Defendant licensed professionals in the treatment, that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing the harm.

Dkt. No. 16.

Rule 1042.10 provides that the COM "required by Rule 1042.3(a) shall be substantially

in the following form . . ." and is followed by two check boxes, relevant here, stating the

following language:

> an appropriate licensed professional has supplied a written
> statement to the undersigned that there is a basis to conclude that
> the care, skill or knowledge exercised or exhibited by this
> defendant in the treatment, practice or work that is the subject of
> the complaint, fell outside acceptable professional standards and
> that such conduct was a cause in bringing about the harm;
>
> AND/OR
>
> the claim that this defendant deviated from an acceptable
> professional standard is based solely on allegations that other
> licensed professionals for whom this defendant is responsible
> deviated from an acceptable professional standard and an
> appropriate licensed professional has supplied a written statement
> to the undersigned that there is a basis to conclude that the care,
> skill or knowledge exercised or exhibited by the other licensed
> professionals in the treatment, practice or work that is the subject
> of the complaint, fell outside acceptable professional standards and
> that such conduct was a cause in bringing about the harm . . . .

Pa. R. Civ. P. 1042.10.  The language in the first paragraph of Rule 1042.10 applies to claims for

direct liability, while the language in the second paragraph applies to claims for vicarious

liability.  Plaintiff's COM clearly follows the language in the first paragraph of Rule 1042.10,

and does not include the language in the second paragraph.  Thus, plaintiff's COM only

addresses a claim for direct liability and does not address a claim for vicarious liability.

In paragraph 42 of plaintiff's amended complaint, he appears to assert a claim for direct

liability through his allegation that "Aria acted negligently and/or carelessly, and/or recklessly

and/or in reckless disregard to Plaintiff's health and medical care."  Dkt. No. 7 at ¶ 42.  Aria

contends that a claim for direct liability "is **not** raised in Plaintiff's First Amended Complaint"

and that plaintiff's claim against it "is based on vicarious liability . . . ."  Dkt. No. 18 at ECF p.

13-14 (emphasis in original).  Plaintiff has not responded to Aria's argument, as he has not filed a reply to Aria's response.  To the extent that he asserts a claim for direct liability alone, plaintiff's COM is sufficient to support such a claim.

However, plaintiff also asserts a claim for vicarious liability in paragraph 43 of his amended complaint, stating "Aria, by and through its agents, servants, physicians and employees, were careless and negligent . . . ."  Dkt. No. 7 at ¶ 43.  "'If a complaint raises claims under both subdivision (a)(1) [(direct liability)] and (a)(2) [(vicarious liability)] against the same defendant,' the plaintiff or counsel 'shall file (i) a separate certificate of merit as to each claim raised, or (ii) a single certificate of merit stating that claims are raised under both subdivisions (a)(1) and (a)(2).'"  Stroud, 546 F. Supp. 2d at 248, quoting Pa. R. Civ. P. 1042.3(b)(2)(i)-(ii).  Plaintiff has neither filed multiple COMs nor has he filed a COM which states that his claims are raised under both subdivisions of Rule 1042.3(a).  Therefore, plaintiff's COM is insufficient to support claims predicated on both direct and vicarious liability.

Further, to the extent that plaintiff's claim against Aria is based solely on a theory of vicarious liability, as Aria contends, his COM is plainly insufficient.  Nowhere does his COM state that plaintiff's claim is based "solely on allegations that other licensed professionals for whom [Aria Health] is responsible deviated from an acceptable professional standard."  Pa. R. Civ. P. 1042.10; cf. Moyer v. Berks Heim Nursing Home, 13-4497, 2014 WL 1096043, at *6 (E.D. Pa. Mar. 20, 2014) (declining to dismiss a claim for vicarious liability where the COM "clearly states in the language prescribed by Rule 1042.10 that, 'licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard'").[6]

---

[6]      Aria also argues that plaintiff's COM is insufficient because "additional [certificates of merit] must also be filed as to each licensed professional for whom that defendant is alleged to be vicariously liable" and that plaintiff has not filed any such certificates.  Dkt. No.

Plaintiff's COM is insufficient to either support a negligence claim predicated on both direct and vicarious liability together or a claim for vicarious liability alone. But keeping in mind that cases should be decided on their merits, I will not dismiss plaintiff's negligence claim against Aria.[7] Instead I will give plaintiff an extension of 21 days to file a corrected COM sufficient to support his claims. Cf. Jackson v. Beard, 09-541, 2009 WL 3747874, at *3 (W.D. Pa. Nov. 5, 2009) (providing an extension to the plaintiff to file the required COM).

### C.   Punitive Damages

Aria seeks to dismiss plaintiff's claim for punitive damages. Mere negligence is insufficient to support a punitive damages award. See Hutchinson ex rel Hutchinson v. Luddy, 870 A.2d 766, 772 (Pa. 2005). Pennsylvania's Medical Care Availability and Reduction of Error Act (MCARE), which governs claims such as plaintiff's negligence claim against Aria, provides that "[p]unitive damages may be awarded for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others." 40 P.S. § 1303.505(a); see also Stroud, 546 F. Supp. 2d at 257 ("[P]rovided the plaintiff demonstrates that

---

18 at ECF p. 14 (alteration in original), citing Pa. R. Civ. P. 1042.3(a)(1), note; Stroud, 546 F. Supp. 2d at 248; Vochinsky v. Geo Grp., Inc., 09-3012, 2009 WL 4017254 (E.D. Pa. Nov. 20, 2009). However, in a subsequent decision in Stroud, the Court clarified that "where the conduct of other licensed professionals *who are not named as defendants in the action* is the basis for a claim of vicarious liability against a named defendant (for whom a COM is filed), no further COM is required." 2008 WL 3271106, at *4 (emphasis in original). Aria is the only named defendant in plaintiff's negligence claim. Cf. Moyer, 2014 WL 1096043, at *6 (declining to grant a motion to dismiss for the plaintiff's failure "to file a certificate of merit as to the other licensed professionals for whom the defendants are responsible" because the COM "clearly state[d] in the language prescribed by Rule 1042.10 that, 'licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard'").

[7]   Aria also argues that plaintiff's COM is deficient because (1) it is based on a written statement by a medical professional that "fails to address causation . . ." and (2) plaintiff has not established that the medical professional who rendered the underlying statement "is the appropriate licensed professional to provide the standard of care opinion set forth in his statement . . . ." Dkt. No. 18 at ECF p. 10. I need not reach this question. Cf. Estate of Aranda v. Amrick, 987 A.2d 727, 731 (Pa. Super. Ct. 2009) (declining to consider the merits of a COM on a motion to dismiss).

the defendant acted with at least a mental state of recklessness (conscious disregard), punitive damages may be recovered on a claim sounding in negligence.")

Even taking the facts in the light most favorable to plaintiff, he has not shown that "(1) [Aria] had a subjective appreciation of the risk of harm to which [ ] plaintiff was exposed and that (2) [Aria] acted, or failed to act, as the case may be, in conscious disregard of that risk." Hutchinson, 870 A.2d at 772 (Pa. 2005). Plaintiff alleges conclusorily that "Aria acted negligently and/or carelessly, and/or recklessly and/or in reckless disregard to Plaintiff's health and medical care." Dkt. No. 7 at ¶ 42. He claims that "Aria, by and through its agents, servants, physicians and employees, [was] careless and negligent in . . . failing to adequately complete full treatment of Plaintiff for his serious medical condition; and [ ] failing to adequately continue treatment of Plaintiff to prevent further injury to Plaintiff." Id. at ¶ 43. Plaintiff further alleges that "Aria was told Plaintiff could not have a cast placed on his arm as it was prohibited within the prison" and that he was "discharged . . . with only a sling and half splint for his broken arm, a treatment plan entitled R.I.C.E., prescription for Tylenol, and [a] medical directive to have a full cast placed on his arm to ensure his arm would heal correctly." Id. at ¶¶ 16, 18. By plaintiff's own allegation, Aria's failure to "adequately complete" or "adequately continue" treatment of his broken arm was merely "careless and negligent." Id. at ¶ 43. Without more, plaintiff has not sufficiently alleged a plausible claim for punitive damages and thus I will dismiss his claim. I will grant him leave to amend because I cannot say that amendment would be futile. See Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000). Plaintiff may be able to amend his complaint to include allegations sufficient to state a claim for punitive damages against Aria.

**D.     Attorney's Fees**

Aria also seeks dismissal of plaintiff's claim for attorney's fees and costs.  Under the American Rule, "parties to litigation are responsible for their own counsel fees, 'unless otherwise provided by statutory authority, agreement of the parties, or some other recognized exception.'" Mrozek v. Eiter, 805 A.2d 535, 538 (Pa. Super. Ct. 2002), quoting Hart v. O'Malley, 781 A.2d. 1211, 1216 (Pa. Super. Ct. 2001); see also Mosaica Acad. Charter Sch. v. Commonwealth, 813 A.2d 813, 822-23 (Pa. 2002) ("a litigant cannot recover counsel fees from an adverse party unless there is express statutory authorization, a clear agreement of the parties or some other established exception").  The Supreme Court of Pennsylvania "has consistently followed the general, American rule that there can be no recovery of attorneys' fees from an adverse party, absent an express statutory authorization, a clear agreement by the parties or some other established exception."  Merlino v. Del. Cnty., 728 A.2d 949, 951 (Pa. 1999);  see also Bethlehem Area Sch. Dist. v. Zhou, 09-3493, 2012 WL 930998, at *4 (E.D. Pa. Mar. 20, 2012), quoting Lewis v. Delp Family Powder Coatings, Inc., 08-1365, 2011 WL 1230207, at *4 (W.D. Pa. Mar. 31, 2011) ("'Pennsylvania courts have routinely applied the American Rule to deny recovery of attorneys' fees in . . . negligence cases.'"); Allegrino v. Conway E & S, Inc., 09-1507, 2010 WL 2035658, at *12 (W.D. Pa. May 18, 2010) ("attorney's fees are not available in negligence cases"); Martik Bros., Inc. v. Huntington Nat'l Bank, 08-83, 2010 WL 1664893, at *1 (W.D. Pa. Apr. 23, 2010) ("a litigant cannot recover attorneys fees from an adverse party absent express statutory authority, clear agreement between the parties, or another established exception.").  Because plaintiff does not plead a statutory basis for a fee and expense award against Aria, I will dismiss plaintiff's demand for attorney's fees and costs from Aria.

**III.     Aria Health's Motion to Dismiss Corizon's Cross-Claim**

Corizon filed a cross-claim against co-defendant Aria on February 20, 2015.  Dkt. No. 8.

Aria moves to dismiss the cross-claim for failure to state a claim.  Dkt. No. 14 at ECF p. 14-15.

Corizon has not responded to Aria's motion.  Under Local Rule 7.1(c) of Local Rules of Civil

Procedure,

> [A]ny party opposing [a] motion shall serve a brief in opposition
> together with such answer or other response that may be
> appropriate, within fourteen (14) days after service of the motion
> and supporting brief.  In absence of timely response, the motion
> may be granted as uncontested except as provided under Fed. R.
> Civ. P. 56.

E.D. Pa. Loc. R. 7.1(c).  Therefore, I will grant Aria's motion to dismiss Corizon's cross-claim

against it as unopposed.  See Cornish v. City of Phila., 14-6920, 2015 WL 3970931, at *8 (E.D.

Pa. Jun. 30, 2015) (dismissing cross-claims by Corizon as unopposed).